UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chandel Richard Hoffman, <br> Black Hills Holdings LLC, <br>                    Plaintiffs, <br> vs. <br><br> United Airlines Holdings, Inc., <br> United Airlines, Inc., <br> Transportation Security Administration, <br> Port Authority of New York and New Jersey, <br><br>                   Defendants. | C/A: 4:20-3801-SAL-TER <br><br> Report and Recommendation |

This is a civil action filed by a *pro se* litigant. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court.

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.). Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *Ross v. Baron*, 493 Fed. Appx. 405, 406 (4th Cir. 2012)(per curiam).

## **DISCUSSION**

Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). The court has the power to consider *sua sponte* whether venue is proper. *See Jensen v. Klayman*, 115 Fed. Appx. 634, 635-36 (4th Cir. 2004)(per curiam). The statute, 28 U.S.C. § 1391(b), governs where the instant action may be brought:

> (b) Venue in general.--A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The District of South Carolina does not satisfy any of these subsections insofar as Plaintiff's Complaint under review is concerned. In absence of venue, the court has authority *sua*

*sponte* to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both. *See Jensen,* 115 Fed. Appx. at 635-36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255-56 (4th Cir. 2002). The statute, 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, the District of South Carolina is the wrong district for venue under 28 U.S.C. § 1391, as Plaintiff's Complaint alleges that no Defendants are residents of South Carolina, that the events that gave rise to the action occurred in New Jersey, and Plaintiff is a resident of New Jersey. (ECF Nos. 1, 8). Because venue is improper by statute, Plaintiff's choice of venue is almost immaterial to the analysis, and under 28 U.S.C. § 1406(a), if Plaintiff desires to maintain his action, transfer is virtually mandated. *See Blevins v. Pension Plan*, 6:10-CV-03261-JMC, 2011 WL 2670590, at *7 (D.S.C. July 8, 2011). The interests of justice weigh heavily in favor of transferring this action. Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr v. Heiman*, 369 U.S. 463, 466-67 (1962); *Dubin v. U.S.*, 380 F.2d 813, 815 (5th Cir. 1967).

The undersigned recommends that the District of New Jersey is the proper forum in which to adjudicate the claims raised in this Complaint.

## RECOMMENDATION

Accordingly, it is recommended that this case be transferred in the interests of justice to the

United States District Court for the District of New Jersey for further handling.[1]

November 24, 2020  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

---

[1] Because the court raised the issue of transfer of venue *sua sponte*, pursuant to *Feller v. Brock,* 802 F.2d 722, 729 n.7 (4th Cir.1986), Plaintiff must be given an opportunity to be heard before a final decision on transfer is rendered. *See also Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.,* 784 F. Supp. 306, 321 (D.S.C.1992); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999). **Plaintiff's opportunity to file timely objections to this Report and Recommendation is considered to be the required opportunity to be heard under *Feller* before a final decision on transfer is rendered by the district judge.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).